In the Matter of WALTER E. SCHIEL, an Attorney, Respondent.

First Department, October 9, 1931.

*Einar Chrystie*, for the petitioner.

*Raymond L. Wise*, for the respondent.

FINCH, P. J. Respondent was admitted to practice as an attorney and counselor at law at a term of the Appellate Division of the Supreme Court, Second Department, in June, 1919. He is charged in the petition with professional misconduct as follows:

In an action brought against one Julia K. Mitchell, the respondent, and others, to foreclose a mortgage on certain premises, a referee was appointed to sell the mortgaged premises. The respondent was the attorney of Julia K. Mitchell and had joined her in executing the bond accompanying the mortgage. The respondent attended the foreclosure sale and bid in the premises for $15,500, which was in excess of the amount necessary to satisfy the claim of the plaintiff in the foreclosure action. The respondent delivered to the referee his personal check in the sum of $1,550 in payment of ten per cent of the purchase price. The referee deposited the check for collection and thereafter it was returned unpaid, the respondent having stopped payment thereon. The respondent was requested to make the check good and to complete the purchase, but failed and refused to do so. The property was resold, resulting in a deficiency judgment against the respondent and his client in the sum of $2,432.09 and expenses of $200, no part of which has been paid. At the time of giving the check for $1,550 the respondent had in his account upon which the check was drawn only $3.16.

Respondent answered, and the matter was referred to an official referee to take testimony in regard to the charges and to report the same with his opinion thereon to this court; the learned referee has duly reported, and the petitioner now moves that this court take such action in the matter as it may deem just and proper.

The foregoing facts are not in dispute. The explanation of the respondent is that he had been requested by his client, Julia K. Mitchell, and by one Lester Taylor, an attorney, to attend the foreclosure sale and bid up to $16,000 for the property, and had been told by them that sufficient money would be sent the respondent to make the usual payment of ten per cent of the purchase price. The respondent testified he bid in the property in reliance upon this understanding, but that the expected money was not received. He further testified that he explained the situation to the referee, and the latter agreed to accept the personal check of the respondent pending the receipt by him of the money from his client. The following day the respondent claimed he ascertained that his client could not consummate the purchase, and, therefore, he stopped payment upon the check he had given.

The respondent concedes that if he did not make a full, fair and frank statement of the circumstances under which he was issuing the aforesaid check, he was guilty of unprofessional conduct. This issue was the subject of conflicting evidence, and has been determined by the learned referee adversely to the respondent. The record clearly sustains the finding of the referee. It appears that it was the expectation of the respondent that the property involved

could be resold at a profit. Relying upon this expectation he issued his worthless check. Although according to the testimony of the respondent he had in his possession some $700 in cash belonging to his client, no part of this was used in making the payment on account. This apparently because the respondent desired to be sure of the consummation of the expected resale before investing any money. The expectation was not realized, and payment of the check was stopped.

The record shows clearly that the respondent gave a worthless check to a referee appointed by the court, so that if he should succeed in making a resale he would profit, and if he should not profit he would suffer no pecuniary loss since he risked nothing, not even the amount of cash which, according to his own testimony, he held for the purpose of the purchase.

The respondent should be suspended from practice for one year, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

MERRELL, McAVOY, MARTIN and SHERMAN, JJ., concur.

Respondent suspended for one year, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.